FILED
2007 Jan-26  AM 11:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JIMMIE BUZBEE,** | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action Number |
| | ) **2:06-cv-4712-UWC** |
| **STREICHER MOBILE FUELING, INC., and ALBERT HUGHES,** | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

The present action was initiated by Plaintiff Jimmie Buzbee ("Buzbee") in the Circuit Court of Jefferson County, Alabama, against Streicher Mobile fueling ("SMF") and Albert Hughes ("Hughes"). The Plaintiff in this action is a citizen of Alabama. Defendant SMF is a corporation organized under the laws of the State of Florida, with its principal place of business in Florida. Defendant Albert Hughes is a commercial driver employed by SMF. Hughes is a citizen of Florida.

According to the complaint, Plaintiff was injured during a collision with Hughes, who was operating a truck in the line and scope of his employment for SMF. This accident occurred in Louisiana. (Compl. ¶ 7.)

SMF removed this action on the basis of diversity jurisdiction.[1]

Presently before the Court is a motion by Hughes, who has made a special appearance in this Court, seeking dismissal of this action against him based on lack of *in personom jurisdiction,* improper venue, and *forum non conveniens.* [2]  In his motion, Hughes notes that his regular truck driving route does not take him outside the state of Florida.  However, he was in Louisiana at the time of the accident because he was making an emergency fuel delivery in the aftermath of hurricane Katrina.  He does not own any property in Alabama and he has no business interests in Alabama.  Moreover, prior to the accident, he had not been inside the state of Alabama for ten years.

A civil action where jurisdiction is based upon diversity may be brought only in:

1) "a judicial district where any defendant resides, if all defendants reside in the same state";

2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or

3) "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, <u>if there is no district in which the action may otherwise be brought</u>."

28 U.S.C. § 1391(a) (emphasis added).

There is no evidence that Hughes is a resident of Alabama.  Thus, the first

---

[1] Hughes, who filed a special appearance in the state court action, agreed to the removal. Although the docket sheet in the present action lists an entry for an Answer by defendant Hughes. (*See* Doc. 5.)  The actual document is an answer by SMF.

[2] As the removing defendant, SMF obviously does not contest personal jurisdiction.

provision of the statute is not satisfied: all defendants do not reside in Alabama. Because a substantial part of the events which gave rise to the complaint did not occur in Alabama, the second provision of the statute is not satisfied.

The third provision of the statute indicates that a claim may be brought in any district where any defendant is subject to personal jurisdiction, but only if there is no district in which the action might otherwise be brought. Inasmuch as the present action could have been brought in Florida or Louisiana, the third provision of the statute is not satisfied.

Accordingly, venue is not proper in the federal district courts of Alabama and this action is due to be remanded.

Done this 27th day of January, 2007.

_____
U.W. Clemon
United States District Judge